**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERROD LEN BOOTH, | No. CIV-02-2420-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| TERRY STEWART; TRAVIS SCOTT; KELLY PIERCE; PHILLIP WRIGHT; and BRIAN SCHNIEDER, | |
| Defendants. | |

Before the Court are Defendants' motion for summary judgment, (Doc. 55), Plaintiff's motion for summary judgment, (Doc. 65), Plaintiff's Motion for Access to the Courts and Sanctions, (Dkt. #63), and Plaintiff's Motion for Entry of Default. (Dkt #68).

**I.    BACKGROUND**

Plaintiff filed a *pro se* civil rights complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 on November 27, 2002, and an amended complaint (Doc. 5) on February 14, 2003. Plaintiff filed a Second Amended Complaint (Doc. 17), seeking compensatory and punitive damages, on September 23, 2003. In an order filed February 19, 2004, the Court ordered Defendants Scott, Wright, Pierce and Schneider to answer Plaintiff's allegation that Defendants deprived him of his right to due process of law. Doc. 20.

Defendants Scott, Pierce and Wright were served and filed a Motion to Dismiss Second Amended Complaint on May 3, 2004. Doc. 30. Defendant Schneider was served

1   and joined the motion to dismiss.  Doc. 41 & Doc. 42.  Plaintiff filed a response (Doc. 47)

2   to the motion to dismiss on September 16, 2004.  Defendants withdrew the motion to dismiss

3   on September 27, 2004.  Doc. 48.  Defendants predicated withdrawal of their motion to

4   dismiss on the understanding that Plaintiff was stating a claim regarding "the due process

5   afforded on three disciplinary tickets only and not staff or conditions of confinement issues

6   surrounding those disciplinaries, as it appeared from the allegations of his complaint."  Doc.

7   48.  Defendants answered the Second Amended Complaint in a pleading docketed October

8   8, 2004.  Doc. 50.

9         The civil docket in this matter indicates that the parties did not engage in discovery.

10  Defendants filed a motion for summary judgment and a separate statement of facts in support

11  of this motion on April 13, 2005.  Doc. 55 & 56. Plaintiff filed a pleading labeled a "cross-

12  motion for summary judgment," in opposition to Defendants' motion for summary judgment

13  (Doc. 58) on April 25, 2005.  Plaintiff did not file a separate statement of facts in opposition

14  to Defendants' motion for summary judgment.  Defendant filed a reply to Plaintiff's response

15  to the motion for summary judgment, and a response to Plaintiff's cross-motion, on May 20,

16  2005.  Doc. 62.[1]  On May 31, 2005, Plaintiff filed a memorandum captioned as a motion for

17  summary judgment.  Doc. 65.

18  **II.    DISCUSSION**

19         **A.    Plaintiff's Motion for Access to the Courts and Sanctions, (Dkt. #63), and
                  Plaintiff's Motion for Entry of Default. (Dkt #68).**

20
         In both Motions Plaintiff appears to argue, sanctions and default judgment is
21
     appropriate because Defendants have failed to plead or otherwise defend pursuant to FED.
22
     R. CIV. PRO. 56 (c)(1), although it is unclear if Plaintiff is seeking default because the prison
23
     did not provide a notary for the month of June.  Plaintiff argues Defendants have failed to
24
     plead  because Plaintiff filed his cross-motion for summary judgment on April 13, 2005 and
25
     Defendants did not file a response until May 20, 2005.
26

27         [1] Plaintiff's "Reply to Defendants Response in support of His Motion for Cross Summary
     Judgment FRCP 56(c)(1)" at Docket No. 67 was stricken from the record pursuant to Defendants'
28  motion at Docket No. 69 and the order at Docket No. 72.

1    Plaintiff's motions are without merit.  In an order dated May 11, 2005, Magistrate

2    Judge Duncan specified Defendants' response was due on May 20, 2005.  Dkt. #61.

3    Furthermore, a response to a motion for summary judgment is due thirty days after service,

4    with three days added for mailing time. L. R. CIV. PRO 56.1(a).  Accordingly, Plaintiff's

5    motions are without merit and are denied.

6    **B.    Standard for granting summary judgment**

7    The standard for granting summary judgment is set forth in Rule 56(c), Federal Rules

8    of Civil Procedure.  Under this rule, summary judgment is properly granted when: (1) no

9    genuine issues of material fact remain; and (2) after viewing the evidence most favorably to

10   the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R.

11   Civ. P. 56 (2004); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53

12   (1986); *Eisenberg v. Insurance Co.,* 815 F.2d 1285, 1288-89 (9th Cir. 1987).

13   In considering a motion for summary judgment, the Court must regard as true the non-

14   moving party's evidence if it is supported by affidavits or other evidentiary material.

15   *Celotex,* 477 U.S. at 324, 106 S. Ct. at 2548; *Eisenberg,* 815 F.2d at 1289.  However, the

16   non-moving party may not merely rest on the pleadings, he must produce some significant

17   probative evidence tending to contradict the moving party's allegations, thereby creating a

18   material question of fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S. Ct.

19   2505, 2513-14 (1986).

20   A principal purpose of summary judgment is "to isolate and dispose of factually

21   unsupported claims."  *Celotex,* 477 U.S. at 323-24, 106 S. Ct. at 2553.  Summary judgment

22   is appropriate against a party who "fails to make a showing sufficient to establish the

23   existence of an element essential to that party's case, and on which that party will bear the

24   burden of proof at trial."  *Id.*, 477 U.S. at 322, 106 S. Ct. at 2552; *see also Citadel Holding*

25   *Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994).  The Court must consider a motion for

26   summary judgment with all reasonable inferences favoring the nonmoving party.  *Baldwin*

27   *v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

28   **C.    Statement of Facts**

Arizona Department of Corrections ("ADOC") provides that, if a prisoner violates a prison rule or policy, the disciplinary process is initiated by the preparation of a "Disciplinary Report" by an ADOC employee. Defendants' Statement of Facts ("DSOF") (Doc. 56), para. 4. ADOC policy provides that the Disciplinary Report must be completed within 24 hours of a determination that a violation may have occurred. *Id.*, para. 5. ADOC policy requires the Disciplinary Report to include a full explanation of the facts alleged to support the charge against the inmate. *Id.* An inmate is notified of the pending charge by the ADOC employee, who also submits the Disciplinary Report to a shift supervisor. *Id.*, para. 6.

The shift supervisor may forward the report to the "Coordinator of Discipline." *Id.*, para. 7. The Coordinator may process the report as alleging either a major or a minor violation of rules, and he assigns a case number, or ticket number, to the Disciplinary Report at that time. *Id.*, para. 8. Disciplinary Reports alleging a major violation of prison rules require the Coordinator to investigate the charges alleged against the inmate. *Id.*, para. 10. The investigation of the alleged charge includes interviewing the inmate, prison staff, and other inmates who might have information about the charge. *Id.*, para. 11. The charged inmate may provide the investigating officer with information regarding witnesses who could give evidence in his favor. *Id.*, para. 11.

Inmates who are charged with a major violation of prison rules are entitled to a hearing before a Detention Hearing Officer. *Id.*, para. 12. The Detention Hearing Officer ("DHO") receives the Disciplinary Report, a list of evidence and witnesses, and written witness statements, if any, prior to the hearing. *Id.*, para. 12. The prisoner is given notice of the date and time of the hearing no less than 48 hours prior to the hearing. *Id.*, para. 13. ADOC policy requires a DHO to preserve decorum, limit repetition, and restrict questions and answers during the hearing to issues relevant to the charge. *Id.*, para. 15.

Plaintiff asserts that, on November 6, 2002, Defendant Scott wrote Plaintiff a disciplinary ticket for disorderly conduct, referencing #02A190348. Doc. 58 at 2. Plaintiff received notice and a copy of the charge on November 13, 2002, and notice of a hearing to be conducted on November 19, 2003. DSOF, para. 52. The hearing was postponed to

1    November 22, 2002, to allow time to further investigate the charge. *Id.*, para. 53. Defendant

2    Pierce, acting as DHO, conducted a hearing regarding this charge on November 22, 2002.

3    *Id.*, para. 55.  Plaintiff appeared at the hearing and received assistance at the hearing from

4    ADOC staff. *Id.*, para. 56. Defendant Pierce refused Plaintiff's request to question witnesses

5    at this hearing.  *Id.*, para. 63.

6         During the hearing, Plaintiff "became belligerent" and was removed from the hearing.

7    *Id.*, para. 64.  Based on the witness reports of the incident and the investigative findings,

8    Defendant Pierce concluded that Plaintiff had committed the violation and imposed sanctions

9    in the form of 40 hours extra duty, 10 days of disciplinary detention, suspended, and referral

10   to reclassification. *Id.*, para. 64-67.  Plaintiff was given written notice of the DHO's findings

11   and the basis for the findings.  *Id.*, para. 68.  Plaintiff appealed the DHO's decision, which

12   was denied.  *Id.*, para. 74.

13        Plaintiff was given a disciplinary ticket (#02A190351) on November 9, 2002, for

14   fighting with a cell mate.  Plaintiff received notice and a copy of this charge on November

15   14, 2002, and received notice that a hearing regarding this charge was set for November 19,

16   2002.  *Id.*, para. 90.  The hearing regarding this charge was rescheduled for November 22,

17   2002, to allow for additional time to further investigate the charge.  *Id.*, para. 91.[2]

18        Plaintiff appeared at the hearing, declined assistance, and asked to be allowed to

19   submit questions to a witness, which request was refused.  *Id.*, para. 94-98.  Plaintiff was

20   removed from this hearing for belligerent behavior.  *Id.*, para. 100.  Based on the written

21   reports of the incident in question, Defendant Pierce, the DHO, concluded that Plaintiff had

22   committed the violation, and sanctioned Plaintiff in the form of loss of 30 earned release

23   credits, 40 hours of extra duty, 30 days loss of privileges, and referral to reclassification.  *Id.*,

24   para. 102.  Plaintiff was given written notice of the DHO's findings and the basis for the

25

26   _____

27   [2] The hearings regarding disciplinary ticket #02A190351 and disciplinary ticket #02A190348 were both held on November 22, 2002, however, one hearing was conducted in the morning and one hearing was conducted in the afternoon. *See* DSOF, Exh. 6 and 10 to Affidavit of

28   Defendant Pierce.

findings. *Id.*, para. 103. Plaintiff appealed this decision, which appeal was denied. *Id.*, para. 107.

Plaintiff was given another disciplinary ticket (#02A190372) for fighting with a different cell mate on November 18, 2002. Doc. 58 at 2-3. *See also* Doc. 65. Plaintiff received notice and a copy of this charge, and notice that a hearing regarding this charge was scheduled for December 3, 2002. DSOF, para. 122. The hearing was postponed until December 10, 2002. *Id.*, para. 123. A hearing regarding this charge was conducted before Defendant Pierce, acting as DHO, on December 10, 2002. *Id.*, para. 125. Plaintiff waived his right to appear at this hearing. *Id.*, para. 126. Based on the written witness' reports of the incident, Defendant Pierce concluded that Plaintiff had committed the alleged violation. *Id.*, para. 130. Defendant Pierce sanctioned Plaintiff to loss of 30 earned release credits, 10 days of disciplinary detention, 40 hours of extra duty, 30 days loss of privileges and referral to reclassification. *Id.*, para. 131. Plaintiff was given written notice of the DHO's findings and the basis for the findings. *Id.*, para. 132. Plaintiff appealed this decision, which appeal was denied. *Id.*, para. 134-140.

Plaintiff's Second Amended Complaint alleges that he was denied his right to due process of law with regard to these three prison disciplinary proceedings. Plaintiff contends that Defendant Scott violated his right to due process by writing a "disciplinary ticket" (#2A190348), which Plaintiff alleges violated Arizona Department of Corrections ("ADOC") policy because the ticket did not contain a detailed description of Plaintiff's alleged rule violation. Plaintiff asserts that Defendant Pierce violated Plaintiff's rights by removing him from the disciplinary hearings, by failing to consider witness statements during the proceedings, and by concluding, in absentia, that Plaintiff had violated ADOC rules. Plaintiff further argues that Defendants Wright and Schneider violated his right to due process because they "upheld sanctions on disciplinary tickets that violated ADOC policy with regard to proceedings in disciplinary ticket #2A190348, ticket #2A190351, and ticket #2A190372."

**D.    Analysis**

1    Defendants assert that they are entitled to judgment as a matter of law regarding

2    Plaintiff's claims for relief.  Defendants argue that, because the proceedings regarding

3    disciplinary ticket #2A190351 and ticket #2A190372 resulted in the loss of Plaintiff's earned

4    release credits, Plaintiff's claims that he was deprived of his right to due process during the

5    proceedings regarding these tickets is barred by *Edwards v. Balisok*.  Defendants also

6    maintain that Plaintiff received all of the due process to which he was entitled with regard

7    to the disciplinary proceedings regarding disciplinary ticket #2A190348, ticket #2A190351,

8    and ticket #2A190372.  Defendants further contend that the doctrine of qualified immunity

9    shields them from Plaintiff's claims for relief.

10    Plaintiff argues that his due process claims are not barred by *Edwards v. Balisok* and

11    that Defendants are not immune from suit.

12    The Court engages in a two-step process to determine whether a plaintiff's procedural

13    due process rights were violated.  First, the Court must determine if the plaintiff possessed

14    a liberty interest with which the state interfered.  *See*, *e.g.*, *Serrano v. Francis*, 345 F.3d

15    1071, 1078 (9th Cir. 2003), *cert. denied*, 125 S. Ct. 43 (2004); *Biggs v. Terhune*, 334 F.3d

16    910, 913 (9th Cir. 2003).  If the plaintiff had a protected liberty interest with which the state

17    interfered, the Court must determine if the state's action was preceded by sufficient

18    procedural and evidentiary safeguards.  *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S.

19    454, 460, 109 S. Ct. 1904, 1908 (1989); *Serrano*, 345 F. 3d at 1078-79.

20    The "requirements of procedural due process apply only to the deprivation of interests

21    encompassed by the Fourteenth Amendment's protection of liberty and property." *Jackson*

22    *v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).  Pursuant to the holding of *Sandin v. Conner*,

23    a prisoner possesses a federal constitutionally-protected liberty interest to be free of changes

24    in the conditions of his confinement which impose an "atypical and significant hardship ...

25    in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115

26    S. Ct. 2293, 2300 (1995); *Jackson*, 353 F.3d at 755; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th

27    Cir. 2000).

28

1   Additionally, prison disciplinary proceedings are not a criminal prosecution and prison

2   inmates are not entitled to the full panoply of due process rights afforded a criminal

3   defendant in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556,

4   94 S. Ct. 2963, 2975 (1974).  To comport with the requirements of procedural due process,

5   prison disciplinary hearings that may result in the loss of a liberty interest require advance

6   written notice to the prisoner of the disciplinary charges; a reasonable opportunity for the

7   prisoner to present evidence in his defense; and a written statement by the fact-finder of the

8   evidence relied on and the reasons for the disciplinary action.  *See Superintendent, Mass.*

9   *Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 2773 (1985). The findings

10   must also be "supported by some evidence in the record." *Id.*

11   Plaintiff did not have a liberty interest with regard to punishment imposed for

12   disciplinary ticket #2A190348, because the punishment imposed was extra duty and

13   suspended disciplinary detention, which are not atypical or significant hardships giving rise

14   to a liberty interest protected by the Fourteenth Amendment.  *See May v. Baldwin*, 109 F.3d

15   557, 565 (9th Cir. 1997).  With regard to the two disciplinary charges which resulted in the

16   loss of earned release credits, Plaintiff may only succeed on his procedural due process

17   claims seeking damages for the alleged violation if he can establish that these prison

18   disciplinary convictions have been reversed. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117

19   S. Ct. 1584, 1588-89 (1997) (concluding that a claim of deprivation of due process in prison

20   disciplinary proceedings that necessarily implies the invalidity of the resulting punishment

21   is not cognizable in a section 1983 suit).  Plaintiff does not dispute that his appeals of his

22   disciplinary proceedings were unsuccessful.  Therefore, Plaintiff's claims, to the extent that

23   he seeks relief regarding the disciplinary convictions resulting in the loss of earned time

24   credits, is barred by *Heck v. Humphrey*, 512 U.S. 477, 483-84, 114 S. Ct. 2364, 2372 (1994),

25   because his claims challenge the duration of his confinement. *See Edwards*, 520 U.S. at 647,

26   117 S. Ct. at 1589.   Additionally,  the  Court concludes that Plaintiff has not produced

27   evidence that Defendants' actions, with regard to the relevant disciplinary proceedings, did

28   not comport with the constitutional guarantee of due process of law.  Plaintiff's assertion that

1    disciplinary ticket #2A190348 did not fully comply with prison regulations is insufficient to

2    establish a claim for violation of his right to due process. The relevant inquiry is not

3    "whether the prison complied with its own regulations," but whether Plaintiff was "provided

4    with process sufficient to meet the *Wolff* standard." *Walker v. Sumner,* 14 F.3d 1415, 1420

5    (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S. Ct.

6    2293 (1995).

7         The fact that Plaintiff was physically removed from two hearings and waived his right

8    to be present at another hearing, rendering the decisions imposed *in absentia*, does not state

9    a per se claim for violation of Plaintiff's right to due process. *Cf. Moody v. Miller,* 864 F.2d

10   1178, 1181 (5th Cir. 1989) ("If, through no fault of prison officials, a prisoner is unable or

11   refuses to attend a disciplinary hearing, due process requires no more than that the hearing

12   be held in accordance with all of the other requirements of due process that are called for

13   under the circumstances."). Plaintiff also contends that he was improperly denied an

14   opportunity to call witnesses on his behalf at his disciplinary hearings. *Wolff* recognized only

15   a qualified right to call witnesses, concluding that an "inmate facing disciplinary proceedings

16   should be allowed to call witnesses and present documentary evidence in his defense when

17   permitting him to do so will not be unduly hazardous to institutional safety or correctional

18   goals." *Wolff,* 418 U.S. at 566, 94 S. Ct. at 2979-80. A prison disciplinary hearing officer's

19   decision that an inmate's request to call witnesses may properly be denied as irrelevant,

20   unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety, is entitled to

21   deference from the Court. *See id.*; *Ponte v. Real*, 471 U.S. 491, 497-98, 105 S. Ct. 2192,

22   2196-97 (1985); *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997); *Zimmerlee v. Keeney*,

23   831 F.2d 183, 187 (9th Cir. 1987).

24        Furthermore, the charges regarding Plaintiff's alleged infractions were supported by

25   sufficient evidence in the record, and the conclusion that Plaintiff committed the charged

26   offenses has some indicia of reliability and, therefore, Plaintiff's disciplinary proceedings did

27   not violate Plaintiff's right to due process. *See Superintendent, Mass. Corr. Inst., Walpole*,

28   472 U.S. at 454, 105 S. Ct. at 2773; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

**III.    CONCLUSION**

Plaintiff's claims, to the extent that he seeks relief regarding the disciplinary convictions resulting in the loss of earned time credits, is barred by *Heck v. Humphrey*, because his claims challenge the duration of his confinement and he does not dispute these disciplinary proceedings have been reversed or vacated.  Additionally, Defendants present evidence that, with regard to each of the three disciplinary proceedings challenged by Plaintiff as violating his right to due process, Plaintiff was provided with advance written notice of the disciplinary charges; an opportunity, when consistent with institutional safety and correctional goals, for him to call witnesses and present documentary evidence in his defense, and a written statement by the DHO of the evidence relied on and the reasons for the resulting disciplinary action.  Plaintiff has not met his burden of establishing that there are genuine issues of material fact with regard to whether he was provided with these protections, and therefore, Defendants are entitled to judgment as a matter of law with regard to Plaintiff's section 1983 procedural due process claims.

**IT IS THEREFORE ORDERED THAT** Defendant's motion for summary judgment (Doc. 55) is **GRANTED**.  Defendants are entitled to judgment as a matter of law with regard to the claims for relief stated in Plaintiff's Second Amended Complaint, which is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Access to the Courts and Sanctions is **DENIED**. (Dkt. #63).

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for summary judgment (Doc. 65) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Entry of Default. is **DENIED**. (Dkt #68).

**IT IS FURTHER ORDERED THAT**, as a result of summary judgment having been granted, the Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of September, 2005.

Mary H. Murguia
United States District Judge